[Civ. No. 605. Third Appellate District.—January 21, 1910.]

## CARRIE VINE, Respondent, v. O. J. VINE, Appellant.

DIVORCE — PLEADING — DEFECTIVE JOINDER OF COUNTS — SECOND COUNT INSUFFICIENT—PROPERTY AND CUSTODY OF CHILD—SURPLUSAGE.— Where the first count in a complaint for divorce was sufficient, and the second count stated no cause of action, and the averment as to property and the custody of the child were set forth in the second count, the phrase "for a further and separate cause of action" in the second count may be disregarded as surplusage, not affecting the substantial rights of the parties; and upon proof of the only cause of action stated, the relief as to the property and custody of the child may be granted as incidental thereto.

ID.—RECITAL IN JUDGMENT AS TO SECOND CAUSE OF ACTION REJECTED AS IMMATERIAL.—The judgment being effectual on the first ground of relief stated, the recital and finding therein as to the right to a divorce on the second ground stated may be rejected as entirely immaterial, since the judgment is effectual without it.

ID.—DEFECT CURED BY ANSWER AND ISSUES JOINED UPON CROSS-COMPLAINT.—Where the answer of defendant and the issues joined upon his cross-complaint supply any deficiency in the complaint, when the second count thereof is excluded, it must be presumed, in the absence of any showing to the contrary, that evidence in support of all the material findings was received without objection, and must be held that any error of the court in overruling the demurrer to the second count was rendered entirely harmless.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Edwards & Smith, and H. B. McClure, for Appellant.

N. C. Coldwell, for Respondent.

BURNETT, J.—The appeal is from the judgment on the judgment-roll alone. It is claimed that the court erred in overruling the demurrer to the second amended complaint. The latter contains what purport to be two causes of action. The demurrer was to each separate count and to the complaint as a whole.

The so-called second count manifestly fails to state a cause of action. The first count clearly states sufficient facts to justify a divorce on the ground of cruelty, but there is no reference therein to any community property and no mention of any minor child or children of the parties. The decree granted plaintiff a divorce on the ground of cruelty and also of willful neglect, and disposed of certain community property, and also awarded to plaintiff the custody of a minor child.

The contention of appellant is stated by him as follows: "The fact that all the allegations relative to the property and custody of the minor child are set forth in the second count, and are not referred to in the first count, a judgment relative to the same could not stand if the second alleged cause of action did not state facts sufficient to constitute a cause of action although the first count might state sufficient facts. In other words, in this case, if the trial judge had sustained the demurrer to the second alleged cause of action, and plaintiff did not amend, his complaint would have ended with paragraph 5 of the first cause of action, and there would be no allegation relative to any property, nor as to the custody of the minor child, both of which the court disposed of in its judgment."

But passing by the claim of respondent that these latter considerations are incidental to an action for divorce and, under a general prayer for relief, may be determined without an allegation in reference to them, where the evidence justifies it, we are convinced that without prejudice to any substantial right of appellant the phrase "for a further and separate cause of action" may be disregarded and the complaint considered as the statement of a single cause of action.

Thus, the pleading answers every requirement, and supports the judgment in every particular except the recital and finding as to willful neglect. This latter, however, may be rejected as entirely immaterial, since the judgment is just as effectual without it. The following statement of the supreme court in *Murray* v. *Murray*, 115 Cal. 277, [56 Am. St. Rep. 97, 47 Pac. 40], is in point here: "It is contended that a portion of the complaint introduced with the words 'for a second and separate cause of action, plaintiff avers,' etc., and which contains virtually all the allegations of the pleading relating to the fraudulent transfers from Owen to James Murray, is insufficient as a statement of a cause of action, in that it fails to allege the husband's failure to provide for the wife's support. The complaint is loosely drawn; but we think it apparent that it contains but one cause of action, and that the portion thereof to which appellants point this objection is not a real attempt to state a second transaction intended as an independent ground for plaintiff's suit, but is only a detail of matters tending to show the extent, form and nature of the relief to which she is entitled upon her single cause of action, viz., her husband's desertion and his failure to maintain her; and that the words designating it 'a separate cause of action' should be disregarded as an error which does not affect the substantial rights of the parties. (Code Civ. Proc., sec. 475.)"

But aside from the foregoing, the answer and cross-complaint of defendant and the plaintiff's answer thereto supply the deficiency in the complaint when the so-called second count is excluded, and as we must assume, in the absence of anything shown to the contrary, that evidence of all the material findings was received without objection, it must be held that upon appellant's theory of the original pleading the error of the court in overruling the demurrer to the second count was rendered entirely harmless.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.